Shauck, J.
Root sought to recover in the common pleas court for injuries alleged to have been sustained by him in consequence of the rough and unsafe condition of a walk of the village. The answer denied the negligence of the village and alleged that if the plaintiff sustained injury it was due to his own negligence, and this allegation was denied by the reply.
On the trial there was .evidence tending to show the negligence of the village in maintaining the walk, and that the plaintiff had actual knowledge of its condition.
At the close of the testimony, and before the argument, counsel for the plaintiff, in writing, requested the court to give .ten propositions in charge to the jury. This the court refused to do and the plaintiff excepted. After the argument in its general charge, the court gave such of the propositions so requested as were correct statements of the law applicable to the case. In so far as it modified the instruction requested, its action was justified by Shaeffler v. Sandusky, 33 Ohio St., 247.
The jury returned a verdict for the village and a motion for a new trial being overruled judgment was entered on the verdict.
*527 In the circuit court this judgment was reversed, not, as we under stand the record, because the trial court was thought to have erred in defining the legal duty of either party, but because it did not give before the argument the sound propositions requested.
We think the circuit court took the correct view of the fifth subdivision of section 5190, as amended March 3, 1892, 89 Ohio Laws, 60: “When the evidence is concluded, either party may present written instructions to the court on matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced.” Counsel for the plaintiff in error contends that it is still a matter of discretion with the trial judge to give the propositions requested either before or after argument. This view denies all effect to the amendment. Before the amendment the statute authorized the requests for instructions to be made before the argument, but, as it was interrupted, it required of the court nothing- more than the giving of such requested instructions as were proper before the final submission of the cause. Since the legislature has taken care to confer upon a party the right to have the instruction given before the argument, the courts cannot say that there is no substantial error in a denial of the right.
But, notwithstanding this provision of the statute, it must frequently, if not usually, be a matter of indifference to counsel whether the requested instructions precede or follow the argument. And it will still be proper for counsel to present their requests to the court before arg-ument, even if they are willing that they should be givefn after it. *528 The record submitted to the circuit court did not show that this was not a case of that character. It does show that the propositions were submitted to the trial judge before the argument, and that there was a request that they be given to the jury. But it does not appear that it was desired that they be given before the arg’ument. Nor does the exception show that it was taken to a refusal to give the instruction before the argument. It cannot be inferred from this record that the attention of the trial judge was in any way called to the right conferred by the amended statute. There was, therefore, no case for a reversal upon the ground stated by the circuit court.

Judgment of the circuit court reversed and that of the common pleas affirmed.